**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| WEST PUBLISHING CORPORATION,<br><br>   Plaintiff / Counterclaim-Defendant,<br><br>   v.<br><br>LEGALEASE SOLUTIONS, LLC,<br><br>   Defendant / Counterclaim-Plaintiff | )<br>)<br>)<br>)<br>)  Civ No. 18-CV-01445 (DSD/SER)<br>)<br>)<br>)<br>)<br>) |

**JOINT RULE 26(F) CONFERENCE REPORT**

1. **Date and Place of Meeting; Identification of the Parties and Their Attorneys; Agenda of Matters for Pretrial Conference.**

    a. The Rule 26(f) conference was held by telephone conference on August 27, 2018.

    b. The parties to this action are:

     West Publishing Corporation ("West"), 610 Opperman Drive, Eagan, Minnesota 55123. West provides industry-leading legal technology solutions, proprietary information, and legal online research platforms. West is represented by Scott T. Lashway, Holland & Knight LLP, 10 St. James Ave., Boston, Massachusetts, 02116, (617) 523-2700, and Lora Mitchell Friedemann, Fredrikson & Byron, P.A., 200 South Sixth Street, Ste. 4000, Minneapolis, Minnesota, (612) 492-7185;

     LegalEase Solutions, LLC ("LegalEase"), 2723 South State Street, Suite 150, Ann Arbor, Michigan 48104. LegalEase offers legal research and writing support services to corporate counsel and law firms. LegalEase is represented by Aaron A. Myers, Kutak Rock LLP, 60 South Sixth Street, Suite 3400, Minneapolis, MN 55402, (612) 334-5000;

     (West and LegalEase collectively, the "Parties").

    c. Insurance

     i. West is unaware of any policy of insurance from which an insurance business may be liable to satisfy part or all of any judgment that may be entered in this litigation, or to indemnify or reimburse for payments made to satisfy the judgment.

      ii. LegalEase is unaware of any policy of insurance from which an insurance business may be liable to satisfy part or all of any judgment that may be entered in this litigation, or to indemnify or reimburse for payments made to satisfy the judgment.

  d. The Parties agree that at the Pretrial Conference matters to be discussed include:

      i. The Proposed ESI Protocol;

      ii. The Proposed Confidentiality and Protective Order;

      iii. Deadlines for discovery and motion practice;

      iv. Matters related to trial; and

      v. Potential settlement.

2. **Description of the Case**

  a. Jurisdiction is proper under 28 U.S.C. §§ 1332(a) and (c). There is complete diversity of citizenship between West and LegalEase, as West resides in Minnesota, while LegalEase is a citizen of the state of Michigan. LegalEase has alleged that West did not plead the citizenship of each member of LegalEase Solutions, LLC but Defendant does not dispute that there is diversity of citizenship between the parties. Additionally, the amount in controversy exceeds $75,000, as West alleges that LegalEase improperly accessed substantially more than $75,000 of Westlaw® information.

  b. Plaintiff alleges that in 2008, LegalEase entered into a contract with West (a Thomson Reuters business) to access Westlaw. From 2013 until July, 2017, LegalEase's use of Westlaw was about 6,000 transactions per month, which, upon information and belief, is consistent with LegalEase's stated use of the product, namely to assist it in preparing legal writing for law firms, in-house counsel, and other attorneys. According to LegalEase, in July, 2017, it was working with a machine learning and artificial intelligence firm to create a new legal research product. As part of this undertaking, LegalEase "fed" the "machine" with "tons and tons of legal research." Upon information and belief, LegalEase obtained this "legal research" from Westlaw. Beginning in about July, 2017, LegalEase's use of Westlaw spiked, eventually reaching approximately 236,000 transactions per month, which is a twenty-fold increase over LegalEase's historical usage pattern and represents a usage rate greater than the average monthly usage of the "AmLaw 100" law firms. Upon information and belief, LegalEase, among other things, deployed computer programs, automated processes, or "bots" to capture and store Westlaw information, and shared Westlaw passwords with multiple individuals (including, upon information and belief, non-LegalEase employees) in violation of the Subscription Agreement. Upon information and belief, LegalEase stored and conveyed Westlaw information obtained during this period

    to its "machine learning" customer, thereby further violating LegalEase's agreement with West and other of West's legal rights. In January, 2018, West provided notice of termination of LegalEase's access to all Westlaw products. West informed LegalEase that its sharing of Westlaw passwords with employees of a separate company violated the terms of their contract. West asserts a claim against LegalEase for breach of contract. As a direct and proximate cause of LegalEase's breach, West has suffered, and will continue to suffer, damages in an amount to be determined at trial. West is entitled to injunctive relief enjoining LegalEase from accessing, using, storing, selling, or transferring any information that it acquired from Westlaw in violation of the Subscription Agreement. West denies LegalEase's counterclaim as set forth in its Answer.

c. Defendant alleges that LegalEase has been a paying Westlaw subscriber for over 10 years. In mid-to-late 2017 LegalEase began preparing for a large-scale legal research project and reached out to West regarding pricing and terms for additional licenses. LegalEase specifically inquired about obtaining licenses for both employees and independent contractors working on the new project. West confirmed that LegalEase could obtain licenses on behalf of independent contractors. In reliance on West's representations, LegalEase signed a renewal agreement for an additional 50 licenses to cover new employees and independent contractors, on top of the 16 pre-existing licenses. At all times, the licenses were subject to West's General Terms and Conditions. Notwithstanding LegalEase's timely payments of monthly subscription fees and various miscellaneous charges, West terminated LegalEase's access to Westlaw on January 4, 2018. West's termination was contrary to the agreement it had with LegalEase and West provided no opportunity for discussion, remedy, or cure of any suspected breach. West's breach of the agreement, the implied covenant of good faith and fair dealing, and breach of its promises resulting in business loss, delays in completing its work, harm to reputation and out-of-pocket expenses.

d. Damages

    i. West seeks damages equal to the value of the Westlaw information improperly accessed by LegalEase. West also seeks reasonable attorneys' fees and costs. West requests that LegalEase be denied all relief it has requested in its counterclaim.

    ii. LegalEase requests that West be denied all relief it has requested in its Complaint and the Complaint be dismissed with prejudice and that the Court holds West liable for West's breach of its contract and implied covenants. LegalEase seeks monetary damages, attorneys' fees as appropriate, and such other and further relief the Court deems appropriate and just under the circumstances.

3. **Pleadings**

   a. As of the date of the report, the Complaint and all responsive pleadings have been filed. The Parties do not propose amending the pleadings at this time.

   b. If necessary, the Parties agree that all motions that seek to amend the pleadings to add parties, claims, and defenses will be filed by December 7, 2018.

   c. A jury trial is available under the law and both parties have made a timely demand for a jury trial.

4. **Discovery Plan**. The Parties desire to resolve this dispute in an expedient manner. As such, the Parties agree that discovery should proceed on an accelerated timeline. In addition, the Parties agree to the following:

   a. Rule 26(a) Disclosures

      i. West served its Initial Rule 26(a)(1) disclosures by U.S. Mail on September 10, 2018, 14 days after the Parties held their Rule 26(f) conference.

      ii. LegalEase agreed to prepare and serve its Initial Rule 26(a) disclosures by Monday, September 17, 2018.

   b. Alternative Dispute Resolution

      i. West does not anticipate wishing to engage in any method of alternative dispute resolution following the Rule 26(a)(1) disclosures. At this time, West does not anticipate that alternative dispute resolution will be appropriate in this case.

      ii. LegalEase believes that an early settlement conference with the Magistrate would be appropriate prior to significant or substantial discovery, or in conjunction with ongoing discovery, but prior to depositions. LegalEase has no objection to this matter being referred to a private mediator.

   c. Fact discovery shall commence first, with expert discovery to commence following the close of fact discovery.

   d. ESI Protocol. The Parties agree that this case will involve electronically stored information (ESI) and that a mutually agreed upon ESI protocol will be beneficial.

      i. West presented a proposed ESI protocol to LegalEase on September 9, 2018. West desires for the Parties jointly to propose to the Court an agreed-upon ESI protocol by Friday, September 14, 2018, in advance of the Rule 16 conference scheduled for Tuesday, September 18, 2018.

      ii. LegalEase is reviewing the proposed ESI protocol and will endeavor to finalize the proposal prior to September 18, 2018. LegalEase may need additional time to review the proposed ESI protocol, and anticipates this can be accomplished prior to September 26, 2018.

e. Protective Order. The Parties recognize that discovery in this case may require the production of confidential materials.

      i. West presented a revised proposed confidentiality and protective order to LegalEase on September 9, 2018, which revised LegalEase's proposed draft. West desires for the Parties jointly to propose to the Court an agreed-upon confidentiality and protective protocol by Friday, September 14, 2018, in advance of the Rule 16 conference scheduled for Tuesday, September 28, 2018.

      ii. LegalEase will review the proposed confidentiality and protective order by September 14, 2018.

f. The Parties agree that West shall disclose the identity of its expert witnesses, and shall submit such experts reports under Rule 26(a)(2)(A) and (B) no later than March 22, 2019. The Parties further agree that LegalEase shall disclose the identity of its expert witnesses, and shall submit such affirmative experts reports under Rule 26(a)(2)(A) and (B) no later than March 22, 2019. The Parties shall submit rebuttal expert reports no later than April 5, 2019.

g. With the exception of the below modification of the number of interrogatories each side shall be permitted to serve, the Parties do not propose any other changes to the limitations on discovery imposed by the Federal Rules of Procedure or the Local Rules.

h. The Parties agree that each side shall be permitted to serve thirty-five (35) interrogatories, including subparts.

i. Each party shall be permitted to take five (5) depositions.

j. Each party shall be permitted to take two (2) expert depositions.

**5. Close of Fact and Expert Discovery and Non-Dispositive Motions**

a. The Parties agree that all fact discovery shall be completed by February 19, 2019.

b. The Parties agree that all expert discovery, including expert depositions, shall be completed by May 6, 2019.

c. The Parties agree that all non-dispositive motions shall be served, filed and heard by the Court four (4) weeks prior to the trial date determined by the Court.

**6. Dispositive Motions and Trial**

    a. The Parties agree that all dispositive motions shall be served, filed and heard by the Court by July 5, 2019.

    b. The Parties agree that the case will be ready for trial by September 9, 2019.

    c. The Parties expect that each side will call between 5 and 10 witnesses at trial, although this number is subject to change pending the outcome of discovery.

    d. The Parties estimate five (5) days will be required for trial, including jury selection and instructions.

Date: September 11, 2018

| | |
|---|---|
| Lora Mitchell Friedemann (#0259615)<br>Fredrikson & Byron, P.A.<br>200 South Sixth Street<br>Suite 4000<br>Minneapolis, MN 55402<br>(612) 492-7185<br>*lfriedemann@fredlaw.com* | /s/ Scott T. Lashway<br>Scott T. Lashway (*pro hac vice*)<br>Benjamin A. Stern (*pro hac vice*)<br>Holland & Knight LLP<br>10 Saint James Avenue<br>Boston, Massachusetts 02116<br>(617) 523-2700<br>*Scott.Lashway@hklaw.com*<br>*Benjamin.Stern@hklaw.com*<br><br>***Attorneys for West Publishing Corporation*** |

Date: September 11, 2018.

/s/ Amanda R. Cefalu
Niall A. MacLeod (#269281)
Diane L. Peterson (#270702)
Amanda R. Cefalu (#309436)
Aaron A. Myers (#311959)
Kutak Rock LLP
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402
Tel: (612) 334-5000
Fax: (612) 334-5050
Niall.MacLeod@kutakrock.com
Diane.Peterson@kutakrock.com
Amanda.Cefalu@kutakrock.com
Aaron.Myers@kutakrock.com

***Attorneys for LegalEase Solutions, LLC***