UNITED STATED DISTRICT COURT
DISTRICT OF MINNESOTA

---------------------------------- x
                                   :
WEST PUBLISHING CORPORATION,       :
                                   :
    Plaintiff / Counterclaim-       :
    Defendant,                      :   Civ No. 18-CV-01445 (DSD/ECW)
                                   :
    v.                              :
                                   :
LEGALEASE SOLUTIONS, LLC,          :
                                   :
    Defendant / Counterclaim-       :
Plaintiff.
---------------------------------- x

**PLAINTIFF AND
COUNTERCLAIM-DEFENDANT WEST PUBLISHING
CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF
<u>ITS MOTION TO MODIFY PRETRIAL SCHEDULING ORDER</u>**

Pursuant to Rule 16(b)(5) of the Federal Rules of Civil Procedure and Local Rule 16.3, Plaintiff and Counterclaim-Defendant West Publishing Corporation ("West") seeks to modify the Pretrial Scheduling Order (Dkt. No. 30) by extending the discovery deadlines for a period of four (4) weeks to enable West to resolve all outstanding discovery matters.  West diligently conducted discovery, however certain recent developments -- namely, LegalEase Solutions LLC's ("LegalEase") production of 39,500 documents on February 8, 2019 -- necessitate additional time.  In addition, there remain unknown discovery disputes between the parties concerning LegalEase's document production, outstanding depositions of LegalEase's employees, and third-party subpoenas

issued by West. Further, LegalEase will not be prejudiced by the requested extension, making modification of the Pretrial Scheduling Order appropriate.

## LEGAL STANDARD

Under Rule 16(b)(5) of the Federal Rules of Civil Procedure, a judge may consent to modifying a pretrial scheduling order where there is good cause. Similarly, Local Rule 16.3 requires that a party seeking to modify a pretrial scheduling order "establish good cause for the proposed modification." D. Minn. LR 16.3. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006), *overruled on other grounds by Avichail ex rel. T.A. v. St John's Mercy Health System*, 686 F.3d 548 (8th Cir. 2012). The Court must also consider "whether the delay will cause prejudice to the opposing party." *Shank v. Carleton Coll.*, No. 16-CV-1154 (PJS/HB), 2018 WL 4961472, at *6 (D. Minn. Oct. 15, 2018), *aff'd*, No. 16-CV-01154 (ECT/HB), 2019 WL 121938 (D. Minn. Jan. 7, 2019).

## DISCUSSION

Following a hearing before Magistrate Judge Elizabeth Cowan Wright on October 23, 2018, the Court entered a Pretrial Scheduling Order that set fact discovery to close on February 19, 2019. (Dkt. No. 30). West believed it could satisfy its discovery objectives within the relatively short discovery period, and diligently pursued those objectives in this case. For the reasons stated below, however, West now requires a four (4) week extension of the fact and expert discovery deadlines. This extension will not impact any other deadlines set forth in the Pretrial Scheduling Order.

1. West completed its Rule 30(b)(6) deposition of LegalEase on December 18, 2018. Based on certain information discovered during the Rule 30(b)(6) deposition, together with LegalEase's written responses to West's discovery requests, West determined that LegalEase had failed to produce to West a significant number of documents.

2. On January 10, 2019, West followed up its requests during the Rule 30(b)(6) deposition by letter to LegalEase detailing the various deficiencies that West had identified with LegalEase's productions (the "January 10 Letter"). West asked that LegalEase provide a response addressing these deficiencies by January 14, 2019. West also indicated in the January 10 Letter that, because it had been unable to obtain a significant number of relevant documents from LegalEase, it would have to postpone the depositions of certain fact witnesses which West had noticed for January 15 and 16, 2019. Those depositions are still outstanding. The Rule 30(b)(6) deposition was continued pending completion of LegalEase's document production.

3. LegalEase responded to West's correspondence on January 17, 2019, indicating that it would reevaluate certain of its responses to West's requests for production of documents, but did not provide a timeline for doing so and did not commit to West's requests.

4. During a telephonic conference on January 25, 2019, Legalese committed to supplementing its production no later than two weeks thereafter. West remained concerned, however, as to LegalEase's commitment to identify and produce responsive documents based, in part, on LegalEase's prior discovery responses, document

productions, and LegalEase's failure to provide justification for withholding responsive documents. West sent a follow-up letter to LegalEase on January 25, 2019 detailing its concerns (the "January 25 Letter"). To date, LegalEase has not provided a written response fully addressing West's concerns as articulated in both the January 10 Letter and January 25 Letter. West is unable to complete its discovery and depositions without an understanding as to what LegalEase has and has not done with respect to responding to its written discovery requests.

5. On February 8, 2019, LegalEase produced to West approximately 39,500 documents.

6. West completed its final production of documents to LegalEase on February 8, 2019. West's document production is complete. West has informed LegalEase that its privilege log is forthcoming pursuant to the Court's Scheduling Order.

7. To date, LegalEase has not produced to West a privilege log, and it has not indicated to West whether any privilege log is forthcoming.

8. Given the considerable volume of LegalEase's most recent production of documents, West does not believe it can meaningfully review these documents prior to the February 19, 2019 fact discovery deadline. For example, it remains unclear as to whether LegalEase has collected and produced a complete set of code used by LegalEase to scrape data from Westlaw, which is core to the allegations set forth in the complaint. While certain parts of the code had previously been produced, the code was not complete and West has not received any explanation as to why only parts of the code had been produced.

9.      Further, because LegalEase has failed to adequately address West's concerns with LegalEase's discovery responses, West served subpoenas for the production of documents on two third parties on February 13, 2019.  West anticipates that it may not receive responses to these subpoenas prior to the fact discovery deadline.

As the above facts demonstrate, West has diligently pursued discovery in this case. However, the amount of documents produced by LegalEase less than two weeks prior to the fact discovery deadline prejudices West's ability to complete its discovery objectives within the timeframe previously set by the Court.  West anticipates that completion of the previously noticed depositions, as well as additional discovery, may be necessary once it has completed its review of the 39,500 documents.[1]  Further, West does not believe that this extension will prejudice LegalEase as West does not seek to unnecessarily delay its prosecution and defense of this matter.  The requested extension will impact fact and expert discovery only and will not otherwise delay the resolution of this case.

## **CONCLUSION**

For the foregoing reasons, West requests that the Court grant its Motion to Modify Pretrial Scheduling Order and enter the Proposed Order Modifying Pretrial Scheduling Order.

---

[1] To the extent West continues to identify deficiencies in LegalEase's discovery responses after West has had the opportunity assess the recently-produced 39,500 documents (produced on February 8), West intends to invoke the Court's informal dispute resolution process, as set forth in the Pretrial Scheduling Order, to resolve the parties' discovery disputes.

Date: February 18, 2019

Lora Mitchell Friedemann (#0259615)
Fredrikson & Byron, P.A.
200 South Sixth Street
Suite 4000
Minneapolis, MN 55402
(612) 492-7185
lfriedemann@fredlaw.com

*/s/ Scott T. Lashway*
Scott T. Lashway (*pro hac vice*)
Holland & Knight LLP
10 Saint James Avenue
Boston, Massachusetts 02116
(617) 523-2700
*Scott.Lashway@hklaw.com*

**Attorneys for West Publishing Corporation**

## CERTIFICATE OF SERVICE

I, Scott T. Lashway, hereby certify that on February 18, 2019, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Scott T. Lashway*
Scott T. Lashway