AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Minnesota

| West Publishing Corporation | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   18-CV-01445 (DSD/ECW) |
| | ) | |
| LegalEase Solutions, LLC | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Keeper of Records of ROSS Intelligence, Inc.

*(Name of person to whom this subpoena is directed)*

☒  *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: West Publishing Corporation c/o Manatt, Phelps & Phillips, LLP, 177 Huntington Avenue, Suite 1700 Boston, MA 02115 | Date and Time:   06/28/2019, 5:00 PM EST |
|---|---|

☐  *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   06/14/2019

*CLERK OF COURT*

OR

_____   /s/ Scott T. Lashway
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A
## TO SUBPOENA *DUCES TECUM* TO ROSS INTELLIGENCE, INC.

You are instructed to produce the following documents in accordance with the Federal Rules of Civil Procedure and the Definitions and Instructions included below.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1**

Any and all documents and communications with LegalEase, its affiliates, and its contractors, including but not limited to, Morae Global, Clutch Group, Kelly Services, and LegalEase India.

**Request for Production No. 2**

Any and all documents and communications concerning LegalEase's provision (either directly or indirectly) of Westlaw information and information derived therefrom to ROSS, including but not limited to headnotes, notes of decision, and the West Key Number system.

**Request for Production No. 3**

Any and all documents and communications concerning ROSS's relationship and dealings with LegalEase.

**Request for Production No. 4**

Any and all documents and communications concerning ROSS's agreements with LegalEase pursuant to which LegalEase performed services or provided goods to ROSS, including, but not limited to: (i) the Master Services Agreement and Statement of Work between LegalEase on the one hand and ROSS on the other hand, dated October 15, 2015; (ii) the "Statement of Work II for ROSS Bulk Memos" entered into between LegalEase on the one hand and ROSS on the other hand dated September 15, 2017; (iii) the "Statement of Work for ROSS Variation" entered into between LegalEase on the one hand and ROSS on the other hand

dated November 10, 2017; and (iv) the "Statement of Work for ROSS Classifier" entered into between LegalEase on the one hand and ROSS on the other hand dated December 26, 2017.

## DEFINITIONS

The following definitions apply to the Requests:

1.      The term "LegalEase" means LegalEase Solutions, LLC, the defendant and counterclaim-plaintiff in this Litigation, and any of its owners, partners, directors, employees, attorneys, agents, representatives, and any other persons acting for it or on its behalf.

2.      The term "ROSS" means ROSS Intelligence, LLC, and its owners, partners, directors, subsidiaries, parents, affiliated entities, past or present, as well as any person or entity acting on behalf of ROSS Intelligence, LLC, past or present, including each of such person's or entity's owners, partners, directors, employees, contractors, attorneys, agents, or representatives.

3.      The term "Morae Global" refers to Morae Global Corporation (formerly doing business as Clutch Group, LLC), and its owners, partners, directors, subsidiaries, parents, affiliated entities, past or present, as well as any person or entity acting on behalf of Morae Global Corporation, past or present, including each of such person's or entity's owners, partners, directors, employees, contractors, attorneys, agents, or representatives.

4.      The term "Clutch Group" refers to Clutch Group, LLC, and its owners, partners, directors, subsidiaries, parents, affiliated entities, past or present, as well as any person or entity acting on behalf of Clutch Group, LLC, past or present, including each of such person's or entity's owners, partners, directors, employees, contractors, attorneys, agents, or representatives.

5.      The term "Kelly Services" refers to Kelly Services, Inc., and its owners, partners, directors, subsidiaries, parents, affiliated entities, past or present, as well as any person or entity

acting on behalf of Kelly Services, Inc., past or present, including each of such person's or entity's owners, partners, directors, employees, contractors, attorneys, agents, or representatives.

6. The term "LegalEase India" refers to LegalEase Solutions India PVT. LTD., and its owners, partners, directors, subsidiaries, parents, affiliated entities, past or present, as well as any person or entity acting on behalf of LegalEase Solutions India PVT. LTD., past or present, including each of such person's or entity's owners, partners, directors, employees, contractors, attorneys, agents, or representatives.

7. The term "communication(s)" means the transmittal of information in the form of facts, opinions, ideas, inquiries, or otherwise.

8. The term "concerning" means referring to, describing, offering evidence of, or constituting.

9. The term "documents" means any document or ESI, including writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  An earlier draft is a separate document within the meaning of this term.  For avoidance of doubt, a request for "documents" herein includes communications, as that term is defined herein.

10. The term "litigation" means the above-captioned action, 18-CV-01445, pending in the United States District Court for the District of Minnesota.

## INSTRUCTIONS

1. In accordance with the applicable Federal Rules of Civil Procedure, these Requests call for the production of all responsive documents within your possession, custody, or

control, even if any such documents are not within your actual possession or the possession of your agents or attorneys.

2.  If any document request herein is deemed to call for disclosure of proprietary data, West's counsel is prepared to receive such data pursuant to the Protective Order entered in this action, a copy of which is attached hereto as **Exhibit A.**

3.  If documents have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date, subject matter, date of loss or destruction and, if destroyed, the reason for such destruction.

4.  If any document responsive to any of these Requests is claimed to be privileged, or otherwise protected from discovery, then pursuant to Fed. R. Civ. P. 26(b)(5), that claim shall be made in writing and such writing shall describe the nature of the documents, communication, or things not produced or disclosed in a manner that will enable West to assess the applicability of the privilege or protection. The following information shall be provided in the response or the objection to the document:

   a.  the type of document, e.g., letter or memorandum;
   b.  general subject matter of the document;
   c.  the date of the document; and
   d.  such other information as is sufficient to identify the document, including, where appropriate, the author, addressees, and any other recipients of the document.

5.  If a request is silent as to the time period for which production of documents or other things is sought, production shall be made of all documents originated in whole or in part and of all things within your possession, custody or control at any time through the date of production.

6. These Requests shall be deemed continuing to the fullest extent permitted by the Federal Rules of Civil Procedure, so that you are required to make further and supplemental production if you obtain additional responsive documents between the time of initial production and the time of trial.

7. Pursuant to the Federal Rules of Civil Procedure, production of all responsive documents or things shall be as they are kept in the usual course of business or said documents or things shall be organized and labeled to correspond with the categories in the above document requests.

# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

------------------------------------ x
                                     :
WEST PUBLISHING CORPORATION,         :
                                     :
        Plaintiff / Counterclaim-Defendant,
                                     :   Civ No. 18-CV-01445 (DSD/ECW)
        v.                           :
                                     :
LEGALEASE SOLUTIONS, LLC,            :
                                     :
        Defendant / Counterclaim-Plaintiff.
                                     :
------------------------------------ x

## PROTECTIVE ORDER

Plaintiff and Counterclaim-Defendant, West Publishing Corporation and Defendant, and Counterclaim-Plaintiff, LegalEase Solutions, LLC, hereby stipulate and request that the Court enter a confidentiality and protective order under Fed. R. Civ. P. 26(c) as follows:

1. As used in this Protective Order, these terms have the following meanings:

    a. "Attorneys" means counsel of record in the Litigation;

    b. "Confidential" Discovery Material, as defined below, is designated pursuant to Paragraphs 2-3;

    c. "Highly Confidential" Discovery Materials is the subset of "Confidential" Discovery Material designated pursuant to Paragraph 6;

    d. "Discovery Material" shall include all materials and information within the scope of Fed. R. Civ. P. 34, as well as all documents, pleadings, responses to discovery requests, deposition testimony and transcripts, trial testimony and transcripts, and all other material or information produced or provided in the course of this

        Litigation by any party to the Litigation, witness, or non-party, including, but not limited to, all copies, all extracts thereof, and all information contained therein or derived or derivable therefrom;

    e. "Litigation" means the above-captioned civil action currently pending in the United States District Court for the District of Minnesota, Civ. A. No. 18-CV-01445 (DSD/ECW).

    f. "Written Assurance" means an executed document in the form attached as Exhibit A;

    2. Any party or non-party to this Litigation may designate Discovery Material as "Confidential" so long as the party or non-party reasonably believes, in good faith, the Discovery Material to be designated is confidential or proprietary business information, technical information, trade secrets, confidential commercial or financial information (including financial plans and records, customer information, vendor information, business and employment contracts) or competitive information. The designation of a document as "Confidential" shall constitute a representation that such document has been reviewed by an attorney for the designating party and that there is a valid, good faith basis for such designation.

    3. A designating party shall designate documents "Confidential" by marking each page thereof with the word "CONFIDENTIAL." A designating party shall designate its electronic data as "Confidential" by affixing a stamp with the words "CONFIDENTIAL" on the medium (including, but not limited to, tapes and CDs) on which the electronic data is stored before copies are delivered to the receiving party, and/or by including the word "CONFIDENTIAL" in the file name.

4. Except with the prior written consent of the designating party or upon Order of the Court, access to any Discovery Material that has been designated "Confidential" shall be limited to the below-listed persons ("Qualified Persons"):

(a) the Court and its officers;

(b) Counsel of record in the Litigation and their law firm associates, legal assistants, and stenographic and clerical employees;

(c) persons shown on the face of the document to have authored or received it;

(d) court reporters retained to transcribe testimony;

(e) in-house counsel responsible for the Litigation on behalf of a party to the Litigation;

(f) The parties' non-attorney representatives directly responsible for the oversight of this Litigation on behalf of that party; and

(g) Third-parties (*i.e.*, persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are expressly retained to assist counsel of record in the Litigation in the prosecution, defense, settlement or other disposition of this Litigation, to furnish technical or expert services in connection with this Litigation and/or to give testimony in this Litigation.

5. The parties shall have the right to further designate Discovery Material or portions of Discovery Material as "Highly Confidential." Disclosure of such information shall be limited to the persons designated in Paragraphs 4(a), (b), (c), (d), (e), and (g).

6. A designating party shall designate documents "Highly Confidential" by marking each page thereof with the word "HIGHLY CONFIDENTIAL" or "ATTORNEYS' EYES

ONLY." A designating party shall designate its electronic data as "Highly Confidential" by affixing a stamp with the words "HIGHLY CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the medium (including, but not limited to, tapes and CDs) on which the electronic data is stored before copies are delivered to the receiving party, and/or by including the word "HIGHLY CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the file name.

7. All Confidential and Highly Confidential Discovery Material, along with the information contained therein, shall be used solely for purposes of this Litigation, or for a related Litigation, and any such Confidential or Highly Confidential Discovery Material, or its contents, shall not be, directly or indirectly, transferred, disclosed, or communicated in any way to any person other than those specified in Paragraph 4 and as provided for in Paragraph 5 or otherwise by Court order.

8. Third parties producing documents in the course of this Litigation may also designate documents as "Confidential" or "Highly Confidential," subject to the same protections and constraints as the parties to the Litigation. A copy of the Protective Order shall be served along with any subpoena served in connection with this Litigation.

9. Each person designated under Paragraph 4(g) to receive "Confidential" or "Highly Confidential" information shall execute a "Written Assurance" in the form attached as Exhibit A. Prior to disclosing any "Confidential" or "Highly Confidential" material to any Qualified Person designated under Paragraph 4(g), counsel for the Party making the disclosure shall: (i) ensure that a copy of this Protective Order has been provided to such Qualified Person; and (ii) obtain from such Qualified Person a signed Written Assurance, which Written Assurance shall be retained by the Party disclosing the Confidential Material.

10. All depositions, portions of depositions, transcripts of such depositions, and any related exhibits taken in this Litigation may be designated "Confidential" or "Highly Confidential" and thereby obtain the protections accorded other "Confidential" or "Highly Confidential" Discovery Material. Confidentiality designations for depositions shall be made either on the record by counsel for the Party or witness producing such information; or by written notice to the other party within ten (10) days of receipt of the final transcript. Unless otherwise agreed, depositions shall be treated as "Highly Confidential" during the 10-day period following receipt of the final transcript. The deposition of any witness (or any portion of such deposition) that encompasses Highly Confidential or Confidential information shall be taken only in the presence of persons who are qualified to have access to such information. One or both of the following legends shall be placed on the transcript and each copy of the transcript containing such Confidential or Highly Confidential Discovery Material: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL INFORMATION." If all or part of a videotaped deposition is designated as Confidential or Highly Confidential, the videocassette disk, drive, or other storage device, and digital file name, shall be labeled with one or both of such legends.

11. The inadvertent or unintentional disclosure of Confidential or Highly Confidential Discovery Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Any party or non-party who inadvertently fails to identify documents as "Confidential" or "Highly Confidential" shall have fourteen (14) days

from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

12. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege, the work-product immunity, or other applicable legal protection, is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with this Stipulated Protective Order and Fed. R. Civ. P. 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege, work-product immunity, or other applicable legal protection. However, nothing herein restricts the right of the receiving party to challenge the designating party's claim of privilege if appropriate after receiving notice of the inadvertent or mistaken disclosure. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies, within five (5) days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

13. Any party may request a change in the designation of any information designated "Confidential" and/or "Highly Confidential." If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing

notice to any third party whose designation of produced documents as "Confidential" and/or "Highly Confidential" in the Litigation may be affected. The party asserting that the material is Confidential or Highly Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by this Protective Order. Pending the Court's determination, the Discovery Material at issue shall continue to be treated as "Confidential" or "Highly Confidential" as appropriate.

14. Within sixty (60) days of the termination of this Litigation, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" and "Highly Confidential" and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court, all deposition transcripts and deposition exhibits, and all correspondence generated in connection with this Litigation.

15. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

16. No Litigation taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the Litigation or of any position as to discoverability or admissibility of evidence.

17. Nothing in this Confidentiality Order shall be deemed or construed to create any presumption that any document or information designated by a Party as "Confidential Information" or "Highly Confidential Information" is in fact confidential or proprietary, or otherwise protected by law.

18. A Party's compliance or failure to comply with the terms of this Stipulated Protective Order shall not operate as an admission that any particular document is or is not (a) Confidential, (b) Highly Confidential, (c) privileged, or (d) admissible in evidence at trial.

19. The obligations imposed by the Protective Order shall survive the termination of this Litigation.

20. In the event that any Party subject to this Protective Order receives a subpoena, discovery request outside of this Litigation, or other process or order (each, a "Request") seeking the production of "Confidential" or "Highly Confidential" Discovery Material belonging to a Party other than the Party receiving the Request, the recipient of the Request (the "Requested Party") shall promptly: (i) advise the person issuing the Request that the Discovery Material being requested is subject to this Protective Order; and (ii) notify counsel for the designating party in writing of such Request within forty-eight (48) hours of receiving the Request and furnish them with copies of the Request and any other documents served in connection therewith. The designating party shall have at least five (5) business days from receiving a copy of the Request to file a motion to quash or otherwise object to the Request. If production of Discovery Material is required prior to the expiration of this five-day period, the Requested Party shall move for a protective order (or other like relief) on the grounds that the requested material has been designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order.

21. This Confidentiality Order is binding on all Parties and on all non-parties who have been served with a copy of this Confidentiality Order and who either produce or receive Discovery Material designated "Confidential" or "Highly Confidential," or information

therefrom or derived or derivable therefrom, and shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by Order of the Court.

Dated: September 28, 2018                    SO ORDERED:

*s/Elizabeth Cowan Wright*
Elizabeth Cowan Wright
United States Magistrate Judge
District of Minnesota

# EXHIBIT A
# WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the city of _____, county of _____, state of _____;

I am currently employed by _____ located at _____ and my current job title is _____.

I have read and understand the terms of the Protective Order in *West Publishing Corp. v. LegalEase Soutions, LLC*, Case No. 18-CV-01445 (DSD/ECW), pending in the United States District Court of Minnesota, and I understand that access to information designated as "Confidential" or "Highly Confidential" may be provided to me and that such access is pursuant to the Protective Order's terms, conditions, and restrictions. I agree to comply with and be bound by the provisions of the Protective Order.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Highly Confidential" obtained pursuant to the Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this Litigation and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this Litigation, I shall return to the attorney from whom I have received them any documents in my possession designated "Confidential" or "Highly Confidential", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
Date                                                                Signature

                                                                    _____
                                                                    Printed Name