
always ahead

PETER M. LANCASTER<br>
(612) 340-7811<br>
FAX (612) 340-8856<br>
lancaster.peter@dorsey.com

June 28, 2019

**VIA EMAIL AND U.S. MAIL**

Scott T. Lashway, Esq.  
Holland & Knight  
10 St. James Avenue  
Boston, MA 02116

Lora Mitchell Friedemann, Esq.  
Fredrikson & Byron, P.A.  
200 South Sixth Street, Suite 4000  
Minneapolis, MN 55402

Re: *West Publishing Corp. v. LegalEase Solutions, LLC*

Dear Mr. Lashway and Ms. Friedemann:

This constitutes the response and objections of ROSS Intelligence, Inc. (the "Company") to the subpoena that you served on the Company effective with the service on me on June 21, 2019. We provide you this objection to the subpoena pursuant to Federal Rule of Civil Procedure 45(d). The bases for objections and agreements to produce documents are set out in this letter.

(1) ROSS objects to the location of compliance, which does not comply with Rule 45(c). ROSS is willing to treat the location of compliance as Minnesota and thus avoid the inefficiency of further proceedings in California so long as the parties agree that compliance in Minnesota is not a waiver of personal jurisdiction defenses the Company possesses as to any other proceedings in Minnesota.

(2) In seeking all documents held by "subsidiaries, parents, affiliated entities," and all those entities' "agents or representatives," the requests seeks documents held by a Canadian affiliate of the Company, a separate legal entity, along with additional persons whose compliance the company cannot control. The subpoenaed Company itself possesses contracts with LegalEase but few other documents. The Company preserves its objections to document productions directed any affiliate in a foreign country.

(3) The subpoena provides no indication as to how the requests relate to issues or needs in the litigation, or what documents West has already obtained from LegalEase. Before production burdens are imposed upon a third party like the Company, it is entitled to understand what information West legitimately needs from the Company in order to support its allegations against LegalEase.

(4) In seeking "all documents and communications" regarding several broad and overlapping categories, the subpoena potentially encompasses many thousands of

Scott T. Lashway, Esq.
Lora Mitchell Friedemann, Esq.
June 28, 2019
Page 2

documents. The difficulty of compliance with the production is greatly increased by the common use of Slack communication technology within the Company, a tool that drastically increases the number of communications. The scope of the requests makes them unduly burdensome and expensive and not reasonably proportional to the needs of what appears to be a simple contract case. It is not an appropriate burden or expense to inflict on a third party. A first step in limiting excessive burden is for the parties to discuss and agree upon custodians and search terms. From documents you already possess, we propose that you identify the custodians and terms that West believes it needs.

(5) The exhaustive definition of documents greatly adds to the burden imposed upon the Company. The Company is willing to produce all documents sent to or received from LegalEase, to the extent West has not obtained them already.

(6) Because responding to even a reduced form of the subpoena would be unduly burdensome and expensive, it is essential that provision for providing for the very substantial costs of complying with the subpoena be agreed upon. No such provision has been made. Searching through many thousands of electronic documents for privileged material adds to the expense of the review process. Because the Company employs two attorneys, the number of potentially privileged documents and the cost of searching for them substantially increases the cost of compliance.

(7) The requests seek documents that represent trade secrets and confidential and privileged material. The requests come from a competitor of the Company. West's operational employees are not entitled to view the confidential research, development, and commercial information of a competitor.

(8) The subpoena fails to allow a reasonable time to comply. The Company has not yet been able even to ascertain the huge range of documents potentially responsive to the requests.

(9) The subpoena requests many documents in the possession of LegalEase, who we understand has already produced large numbers of documents. The subpoena to that extent seeks duplicative discovery. For example, is it necessary to re-produce the "memo" / "answer file" productions apparently already made by LegalEase?

(10) In response to specific requests, the Company further states:

Scott T. Lashway, Esq.
Lora Mitchell Friedemann, Esq.
June 28, 2019
Page 3

      a. With specific respect to Request 1, the Company has not discovered any knowledge of Morae Global, Clutch Group, or Kelly Services, much less communication with those entities.

      b. With specific respect to Request 2, the Company has no objection to production of any Westlaw information provided by LegalEase, subject to the parties' first reaching an understanding as to item 3 above.

      c. With specific respect to Request 3, the Company states that the request encompasses and thus duplicates Requests 1 and 2.

      d. With specific respect to Request 4, the Company has no objection to production of the requested agreements, although the Company expects that West already possesses the documents. Beyond that production, the request is ambiguous as to what "concerning" the agreements means. It is not clear whether West intends to encompass documents relating to negotiation or discussion of the terms of the agreements, or whether it intends to encompass all communications that follow as well.

For at least those reasons, the Company objects to the subpoena. We hope, however, that we can satisfy legitimate discovery needs through an agreement as to what documents you truly require from the Company, how the Company can ensure that its trade secrets and confidential information are protected, and how the Company will be protected from excessive costs. I assume we will be discussing those issues soon.

                                      Very truly yours,

                                      Peter M. Lancaster

PML:dbr