UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| West Publishing Corporation, | Civil File No. 18-cv-01445 |
|     Plaintiff/Counterclaim-Defendant, | **DECLARATION OF ANDREW ARRUDA** |
| vs. | |
| LegalEase Solutions, LLC, | |
|     Defendant/Counterclaim-Plaintiff. | |

ANDREW ARRUDA states and declares as follows:

1. I am the Chief Executive Officer and a founder of ROSS Intelligence, Inc. ("ROSS"). I submit this declaration in opposition to West's Motion to Compel Production of Documents in Response to Subpoena *Duces Tecum*. The statements in this declaration are based on my personal knowledge, except to the extent indicated.

2. ROSS is a startup company developing legal research software powered by artificial intelligence. We have fewer than 30 employees, most of whom are machine intelligence engineers located in Canada. Before now, the company has never been involved in any document production process.

3. ROSS is not yet profitable.

4. Although ROSS is a small company, we have ambitious plans. Our near-term goal is to deploy our proprietary artificial intelligence algorithms to revolutionize the way lawyers do legal research. Our longer-term goal is to provide greater access to justice by delivering actionable legal guidance to under-represented parties through the use of AI. In

furtherance of that goal, among other initiatives, (i) ROSS is a founding member of the Legal Tech for Change Program, a new partnership between the American Bar Association and the Legal Services Corporation whose objective is to provide free technology products and services to legal aid offices that help low-income Americans; (ii) I sit on the Board of the Institute for the Advancement of the American Legal System, an organization composed of lawyers, judges and everyday citizens dedicated to advancing access to justice for all and (iii) ROSS provides its technology completely free of charge to a variety of not for profit organizations providing free legal services to low income individuals.

5. ROSS is a direct competitor of West's Westlaw legal research platform.

6. Responding to West's discovery demands has already imposed a significant burden on our small company. Every hour and dollar we spend dealing with the West subpoena decreases our ability to compete with West.

7. The financial burden imposed by the subpoena response in terms of costs and legal fees—even if they are modest in comparison to West resources or the overall cost of the litigation—could imperil our ability to succeed as a company

8. Despite the significant burden imposed by the West subpoena, I believe that ROSS has made every reasonable effort to comply with West's demands. The time that has passed since the receipt of the West subpoena does not reflect any lack of attention or effort on the part of ROSS.

9. I am familiar with the role of Tomas van der Heijden at the company. He reports directly to me. Although he has dual business and legal roles, and although the company employs a number of lawyers who do not typically function in legal roles (including me), the company looks to Mr. van der Heijden, an Ontario-licensed attorney, as its principal in-house

legal advisor.  Although Mr. van der Heijden began his career with ROSS in its California office, during most of the relevant period he has conducted his in-house legal work from the Toronto office, which is the larger company office.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated:	October 1, 2019	_____
                                                      Andrew Arruda