

PETER M. LANCASTER
(612) 340-7811
FAX (612) 340-8856
lancaster.peter@dorsey.com

December 6, 2019

**VIA ELECTRONIC FILING**

The Hon. Elizabeth Cowan Wright
United States District Court
342 Federal Building
316 N. Robert Street
St. Paul, MN  55101

    Re:    *West Publishing Corp. v. LegalEase Solutions, LLC*, No. 18-CV-01445

Dear Mag. Judge Wright:

    This letter is written on behalf of third-party subpoena recipient ROSS Intelligence, Inc. pursuant to the Court's November 22, 2019 Order to provide ROSS's view with respect to outstanding issues between the parties.  Based upon the representations of counsel for West, ROSS understands that a number of issues have been resolved, but that the issues addressed below remain in dispute.

    **I.**    **Search Terms**

    The parties have been unable to reach agreement on three specific search terms, despite ROSS offering a compromise (at least with respect to the search term "Westlaw") that would allow West's counsel access to the search term hits while providing sufficient assurances to ROSS that its competitively-sensitive documents – which ROSS believes are irrelevant to the subpoena – are appropriately protected.  Specifically, ROSS proposed providing counsel for West access to the unique "Westlaw" search term hits in a database provided by Dorsey & Whitney, and agreed to produce those documents West identified as responsive to the subpoena (subject to confirmation by ROSS).  West rejected ROSS's proposal.

    For further context, ROSS agreed to run the majority of the search terms identified by West (excluding terms "Westlaw," "Lexis," and "LexisNexis," collectively "the Disputed Terms," and has already produced more than 4,000 documents as a result.  Although ROSS did not conduct a document-by-document review of these documents, ROSS believes, based on its preliminary assessment of the documents, that the majority of these documents are irrelevant to the requests in West's subpoena.  ROSS's ongoing privilege review of a subset of these documents supports this belief:[1] of the more than 2,000 documents reviewed to date, *not one* is relevant to the requests in West's subpoena.  This includes documents that hit on the following

---

[1] The population currently under review consists of documents and their family members that hit on one or more of West's requested search terms (excluding the Disputed Terms) and also hit on one or more privilege terms.

The Hon. Elizabeth Cowan Wright
December 6, 2019
Page 2

search terms:  Legalese; Nuance; Variation*; Review w/5 Project; LPO; "answer file*"; "Keynumber*" or "Key number*"; "Keycite*" or "Keycites*"; "Headnote*" or "Head Note*"; "Best Practices Guide"; CodeMatrix; Muhammad w/2 Ansad; Joy w/2 Saphla; Chris* w/2 Cahn; Savitha; Anitha; Anurama; Vinitha; Biji; Anu; Lakshmi; Visakh; Keerthi; Safwan; Siby; Reshma; Leo w/2 Kuriakose; Rejitha; Kiran; Brijesh; Abraham w/2 Regin; Neha; Divya; Siddarthan; Gayathri w/2 Prasad; Sankalan; Rajesh; Anjana w/2 Mohan; Aditya; Sandesh; Sobha; Stephanie; Arya; Anjana w/2 Varghese; Smruthi; Riswana; Shabna; Thressy; Aparna; Rohit w/2 Baben; Sanjana; Anjusha.

ROSS objects the Disputed Terms because they are not appropriately tailored to identify documents responsive to the subpoena,[2] and because they will return irrelevant, competitively-sensitive documents.  ROSS views both Westlaw and LexisNexis as competitors, and has a significant number of communications that discuss Westlaw and LexisNexis as competitors and that are entirely unrelated to the subject matter of the subpoena.  If ROSS is required to search *thirteen custodians* for *every mention* of those two competitors, ROSS then either must spend thousands of dollars in costs and fees to review and produce any responsive documents it locates,[3] or elect to disclose competitively-sensitive documents to one of the competitors at issue.  This is inconsistent with both Rule 26(b)'s proportionality requirements and Rule 45(d)(1)'s requirement that West take steps to "avoid imposing undue burden or expense" on ROSS.

    A.  "Westlaw"

ROSS searched for previously-unreviewed documents that hit on "Westlaw," and identified 4,342 unique hits on "Westlaw;" including family members increases the document count to 6,964.[4]  ROSS estimates that it would cost at least $10,000 to review this population of documents, on top of the fees that ROSS has already incurred and continues to incur.

In an effort to resolve this issue, ROSS offered to provide West's counsel access to a database – hosted by Dorsey & Whitney – that contains the unique Westlaw hits and their family members.  West could then review the documents and, to the extent it identifies any documents it believes are responsive to the subpoena, request their production, subject to ROSS's review.

---

[2] ROSS has not excluded documents from its review and production *because* they hit on the Disputed Terms.  Any document that hits on one of the Disputed Terms and either itself hits on another search term or is in a family with a document that hits on another search term has been reviewed for responsiveness and/or produced.

[3] ROSS previously tested "Westlaw" as a search term by reviewing a sampling of documents that hit on the term, and found that the term returned many non-responsive documents and that those documents identified as relevant to the subpoena contained another search term on ROSS's original list of search terms.  *See* Dkt. No. 75 (Johnson Decl.) ¶ 15.

[4] ROSS is currently processing the data for four additional custodians requested by West.  Inclusion of their data will likely increase the document count and the associated cost for review.

The Hon. Elizabeth Cowan Wright
December 6, 2019
Page 3

West rejected this offer, instead suggesting that ROSS produce to West every document that mentions Westlaw and identify the documents as Highly Confidential under the terms of the protective order.  Given the extraordinary over-breadth of this search term, and the sensitive nature of the documents, *irrelevant to the subpoena*, that will be captured by the term, ROSS does not believe this is an acceptable solution, and it does not alleviate ROSS's concerns regarding producing documents regarding a competitor to that competitor, who may learn – even inadvertently – of the contents of those documents.  To the extent that the Court orders ROSS to apply the "Westlaw" term, ROSS respectfully requests that the Court allow ROSS to provide West access to these documents in a database hosted by Dorsey & Whitney.

### B.   "Lexis" and "LexisNexis"

West has asserted that "Lexis" and "LexisNexis" are relevant to LegalEase's counterclaim and West's defenses thereto.  West has not made any further effort to explain how internal ROSS documents mentioning LexisNexis (ROSS long ago produced all correspondence with LegalEase) could be relevant to any issue in this case.  For this reason as well as the concerns set forth above, ROSS requests that the Court order that ROSS need not search its documents for "Lexis" or "LexisNexis."  To the extent that the Court does order ROSS to do so, ROSS requests that it be permitted to provide access to the documents in a database hosted by Dorsey & Whitney, as set forth above.

## II.   Privilege

ROSS is in receipt of West's letter requesting *in camera* review of 10 documents from ROSS's privilege log, and will provide those documents to the Court under separate cover pursuant to the Court's November 22 order.  ROSS stands behind its privilege calls and welcomes the Court's guidance.

## III.   Slack Data

Earlier this week, on December 3, ROSS provided West an estimate of the known costs it believes are subject to cost-sharing pursuant to the Court's November 22 order, which are $5,323.50.  These are the costs for a first-pass review of the search term hits in its Slack data; ROSS is unable to provide an estimate for privilege or redaction review because the population for privilege and/or redaction review will not be known until the first-pass review is complete.  Despite the Court's Order resolving the cost-sharing issue, West has instructed ROSS not to proceed with this review until authorized by West.

Respectfully submitted,

/s/ Peter M. Lancaster

Peter M. Lancaster

PML:dbr

cc:   All Counsel of Record